ROGERS, Justice.
 

 Lorin Wall, a citizen and taxpayer of this State, brought suit against James A. Gremillion, Secretary of State, and Andrew P. Tugwell, State Treasurer, to contest the sale and delivery of $6,145,000 of bonds issued under the authority of Act 383 of 1940 and in pursuance of certain resolutions adopted by the Board of Liquidation of the State Debt.
 

 Act 383 of 1940, which was a constitutional amendment adopted at the General Election held on November 5, 1940, became effective at the same time as Act 384 of 1940, which was also a constitutional amendment adopted at the same election.
 

 Plaintiff alleged that the resolutions of the Board of Liquidation of the State Debt authorizing the issuance of the $6,-145,000 of bonds, dated April 7 and April 25, 1941, were invalid because the Board of Liquidation was abolished by the constitutional amendment, Act 384 of 1940, and that under the enabling act, No. 47 of 1940, its functions and duties were transferred to and assumed by the Department of Finance. That the Board of Liquidation of the State Debt ceased to exist on December 5, 1940, on which date it was superseded by the Department of Finance. Plaintiff also attacked the authority of G. T. Owen, Executive Counsel to the Governor, to act as a member of the Board. Plaintiff alleged in the alternative that if the functions of the Board of Liquidation of the State Debt' did not devdlve upon the Department of Finance after the effective date of Act 384 of 1940, those functions were transferred to the Treasury Department under the provisions of Act 47 of 1940. Plaintiff invoked the due process clauses of the State and Federal Constitutions. Plaintiff prayed that the minutes and resolutions of the Board of Liquidation relating to the issuance of the $6,145,000 of bonds be declared ultra vires and null. He also asked for and obtained a rule nisi ordering the Secretary of State and the State Treasurer to show cause why a preliminary injunction, to be followed by a permanent injunction, should not issue, prohibiting them from acting in the matter of the issuance of the bonds.
 

 The defendants appeared and, after excepting to plaintiff’s petition, categorically
 
 *447
 
 answered the allegations thereof. The matter was then taken up and heard in the district court.
 

 The trial judge overruled defendants’, •exceptions, but on the merits he decided in defendants’ favor, ordering that the rule be discharged, and that the preliminary injunction be denied. The judgment was read and rendered on July 8, 1941, and signed in open court the next day, on July 9, 1941. On July 10, 1941, the plaintiff applied for and obtained an order for a devolutive appeal returnable on August 7, 1941. The transcript was filed in this Court on the return day as fixed in the order of appeal.
 

 On February 15, 1943, plaintiff, through his counsel, filed a motion to dismiss his appeal; that the motion be fixed for trial, and that after due hearing, the appeal be dismissed at his cost. Plaintiff’s motion to dismiss his appeal was based on the following grounds:
 

 “That as admitted by plaintiff and appellant in his brief filed in the District 'Court all the issues in this cause, with the exception of one, would be decided in the case of Graham v. Jones et al.
 

 “That the decision of Graham v. Jones [198 La. 507] 3 So.2d 761, did dispose of all issues in the pending cause with the exception of one issue.
 

 “That the lone and only issue or exception deals with the alternative allegation set forth in the petition of plaintiff regarding G. T. Owen, as Executive Counsel, not being a member of the Board of Liquidation of the State Debt, irrespective of whether said Board ceased to exist on account of the provisions of Act 384 of 1940, which alternative allegation, as found -by the lower Court, deals with rules of Parliamentary Procedure and not with a question of constitutional law.” .
 

 A copy of plaintiff’s motion was served on counsel representing the defendants.
 

 On April 12, 1943, the defendants, James A. Gremillion, Secretary of State, and Andrew P. Tugwell, State Treasurer, filed a motion in this Court concurring in plaintiff’s motion and asking that plaintiff’s appeal be dismissed at plaintiff’s cost. Defendants’ motion to dismiss the appeal was predicated on the following grounds:
 

 “Said plaintiff and appellant, through his counsel of record, has already heretofore filed in this Court a motion to dismiss his appeal at his own cost.
 

 “Although your movers do not agree fully with the reasons given in said motion to dismiss filed by plaintiff and appellant, nor admit that they correctly state the issues presented by this suit and appeal, movers do concur in and agree to the purpose of said motion, and further aver that, in view of the decision of this Honorable Court in Graham v. Jones, 198 La. 507, 3 So.2d. 761, holding Act 384 of 1940 invalid as a purported amendment to the Constitution of Louisiana, the plaintiff and appellant could not maintain his suit for injunction herein nor succeed in his present appeal.
 

 • “That this is a devolutive appeal from a judgment of the trial Court which discharged a rule for preliminary injunction
 
 *449
 
 and denied the preliminary injunction sought by Lorin Wall, the plaintiff, against movers, to attempt to prevent their performance of ministerial duties in connection with the issuance, sale and delivery of Six Million One Hundred Forty-Five Thousand Dollars ($6,145,000.00) in bonds of the State of Louisiana under the authority of Act 383 of 1940 adding Section 12-a to Article IV of the Constitution of Louisiana and pursuant to resolutions passed by (he Board of Liquidation of the State Debt on April 7 and 24, 1941; that it must be presumed that said ministerial duties have long since now been performed by defendants and appellees, in view of the refusal of the trial Court to enjoin them and in accordance with the duties imposed upon them; and that this devolutive appeal of said Lorin Wall is, in any event, nugatory.”
 

 A copy of defendants’ motion was served upon counsel for plaintiff. Both motions to dismiss the appeal were fixed for hearing and, when called, were submitted on their respective allegations.
 

 Inasmuch as it is admitted in the motions to dismiss that the issues involved in this case have been disposed of by the decision of this Court in Graham v. Jones, 198 La. 507, 3 So.2d 761, holding Act 384 of 1940 to be unconstitutional, and inasmuch as all parties to the suit have requested that the appeal be dismissed, it will be so ordered.
 

 For the reasons assigned, the appeal herein is dismissed at plaintiff’s cost.